**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADRIANA AMSO,

    Plaintiff,

v.                                  CASE NO. 17-11750

COMMISSIONER OF         DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [15]; ADOPTING THE REPORT AND RECOMMENDATION [14]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's report and recommendation. (Docket no. 15.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff protectively filed for disability benefits ("DIB") in November 2013. (Transcript 158, 160.) Plaintiff alleged a disability onset date of September 20, 2013. (Tr. 158-63.) Her claims were denied and she requested a hearing before an administrative law judge ("ALJ"), which was held on November 30, 2015. (Tr. 55.) In a decision dated February 1,

2016, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security act at any time from September 20, 2013, through February 1, 2016, the date of the decision. (Tr. 50.)

On April 19, 2017, the appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-6.) Plaintiff filed a complaint with this Court on June 2, 2017. (Dkt. 1.) Plaintiff filed a motion for summary judgment on December 14, 2017. (Dkt. 11.) Defendant filed a motion for summary judgment on February 16, 2018. (Tr. 13.) The magistrate judge entered a report and recommendation on May 1, 2018, recommending denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (Dkt. no. 14.) Plaintiff filed objections to the report and recommendation on May 16, 2018, and Defendant filed its response to the objections on May 29, 2018. (Dkt. nos. 15, 16.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the magistrate judge's report and recommendation and the objections and response. The ALJ's findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (Report and Recommendation, dkt. no. 14.) The Court agrees with the magistrate judge.

**I.      Standard of Review**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. Analysis

### A. Objection No. 1

Plaintiff first objects that the magistrate judge erred in finding that the ALJ adequately addressed the side effects from Plaintiff's medications. In support of her objection, Plaintiff states that "[s]ide effects common among these medications include fatigue, nausea, insomnia, headaches and muscle pain." (Pl.'s Objections 3, dkt. 15.) Plaintiff points out other alleged side-effects, including "experiencing chronic muscle pain and headaches," the use of "Lyrica for her pain until suicidal ideation forced her to stop that medication," and napping for 2-3 hours per day to manage her pain.

Plaintiff asserted in the motion for summary judgment that "[n]owhere in the ALJ's decision does the ALJ specifically address her side effects and the medication she utilized for pain relief" (Pl.'s Mot. Summary J. 17, dkt. 11.) As the magistrate judge correctly pointed out, the ALJ specifically considered Plaintiff's reports of drowsiness, nausea, and sleeplessness (or insomnia). (R&R 26; ALJ Decision, tr. 45.) Yet Plaintiff objects that the ALJ's acknowledgment of her complaints of nausea, fatigue and sleeplessness is not enough, contrary to the magistrate judge's recommendation and takes issue with the following specific statement by the magistrate judge: "Therefore, the notion that the ALJ did not 'specifically address [Plaintiff's] side effects and the medication she utilized for pain relief' is ludicrous." (R&R 25-26, dkt. 14.) While the magistrate judge's classification of Plaintiff's assertion as "ludicrous" may be hyperbolic, the magistrate judge correctly noted that the ALJ did, in fact, specifically address side effects and medication utilized for pain relief in the decision. (Tr. 45-47.) The ALJ also considered responses to medication,

3

changes in medication and requests for changes in medication, throughout the decision. (Tr. 45, 46, 47.)

Further, the ALJ limited Plaintiff to a sedentary exertional level, with a sit/stand option and limited postural activities specifically to address pain and fatigue. The ALJ also considered Plaintiff's report that she naps for 2 to 3 hours per day. (ALJ Decision, tr. 45.) Some of the side effects and symptoms are based on Plaintiff's report and the ALJ ultimately found Plaintiff's symptoms and the limiting effects thereof not completely credible. (ALJ Decision, tr. 45.) The magistrate judge did not err in her consideration of the ALJ's findings regarding the side effects of Plaintiff's medications and resultant limitations, and the ALJ properly considered the side effects and resultant limitations.

Plaintiff also states that she "repeatedly expressed experiencing chronic muscle pain and headaches." (Pl.'s Objections 3, dkt. 15.) Plaintiff gives no further details of error related to these symptoms and the Court notes that the ALJ referenced Plaintiff's allegations of chronic pain, including, for example, a complaint to her doctor of whole body pain with a duration of 2 and a half weeks, x-ray evidence of a possible muscle spasm, Plaintiff's request to increase her Norco dosage, and recommendations for physical therapy. (Tr. 45, 47.) The ALJ also properly considered Plaintiff's headaches, considering her allegations of migraines, yet noting that the "record does not document treatment of significant ongoing headaches." (Tr. 43.)

To the extent that Plaintiff argues that "the existence of records that were not considered by the ALJ (as referenced at R&R 26) adds support to Plaintiff's request for remand," such as the records showing that Plaintiff took Lyrica for pain but stopped due to suicidal ideation, the magistrate judge pointed out that this evidence was submitted after

4

the ALJ's decision. (Tr. 23; Pl.'s Objections 3, dkt. 15.) The evidence is from a February 15, 2016 appointment, post-dating the ALJ's February 1, 2016 decision. The evidence notes Plaintiff's report that she stopped taking the Lyrica at the end of December, approximately 2 months prior to the decision. (Tr. 23.) The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence." *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." Wyatt, 974 F.2d at 685 (citing *Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988). Plaintiff has not shown how this evidence is material and the Court does not find that there was a "reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *See Sizemore v. Sec'y of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (*citing Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)).

**B.     Objection No. 2**

Plaintiff's second objection is that magistrate judge erred when she found that the ALJ's Residual Functional Capacity (RFC) assessment was supported by substantial evidence. Plaintiff supports her objection by generally referencing her alleged impairments and her self-report and descriptions of symptoms. (Pl.'s Objections 5.) To the extent that

5

Plaintiff argues that "both the ALJ and the Magistrate Judge misconstrued medical evidence and testimony," Plaintiff does not identify any specific evidence that was "misconstrued." She points to many of the same symptoms in objection #1, above, including chronic pain, drowsiness, and a need to nap.

The ALJ concluded that Plaintiff retains the ability to perform work at the most restrictive of the exertional levels: sedentary. (Tr. 47.) As the magistrate judge pointed out, the RFC is supported by both the opinions of Dr. Kaul and Dr. Choi. (Tr. 88-95.) Yet in terms of exertional level, the RFC is more restrictive than the state agency medical consultant, Dr. Choi, opined. (Tr. 44, 47, 91.) The ALJ also included further limitations where supported by the record, including limiting her interaction with the public and co-workers, limiting postural activities, and allowing a sit/stand option. (Tr. 47.) The magistrate judge did not err in finding that the ALJ's RFC is supported by substantial evidence.

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). The Court agrees with the magistrate judge that the ALJ's findings regarding Plaintiff's residual functional capacity (RFC) are supported by substantial evidence in the record.

**III.     Conclusion**

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 15), ADOPTS the magistrate judge's Report and Recommendation (dkt. no. 14), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 11), GRANTS Defendant's Motion for Summary Judgment (dkt. no. 13) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 22, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager